UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                          Plaintiff

v.                                                             Criminal Action No. 3:22-cr-125-RGJ

JAMES HICKMAN III                                                                   Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant James Hickman's ("Hickman") motion to dismiss the firearm charge in the indictment against him as unconstitutional.  [DE 23].  The United States responded [DE 24].  This matter is ripe.  For the reasons below, Hickman's motion to dismiss is **DENIED**.

**DISCUSSION**

In October 2022, the United States charged Hickman with a single count, Possession of a Firearm by a Prohibited Person, specifically a felon, in violation of 18 U.S.C. § 922(g)(1).  [DE 4 at 8].  Hickman was previously convicted of three felonies: "Facilitation to Robbery in the First Degree," "Assault Under Extreme Emotional Disturbance and tampering With Physical Evidence," and "Wanton Endangerment in the 1st Degree and two counts of being a Convicted Felon in Possession of a Firearm."  [*Id.*].

Hickman argues that under *Bruen*, the firearm charge against him is unconstitutional as applied because he is one of "the people" under the plain text of the Second Amendment's guarantee to a right to possess arms.  [DE 23 at 54-55].  He also argues that § 922(g)(1) is not consistent with the Nation's historical tradition of firearm regulation.  [*Id.* at 55-58].  And he argues that *Bruen's* holding prevails over *Heller*.  [*Id.* at 58-59].  The United States disagrees and argues

1

that the felon in possession statute is consistent with both the plain text and the Nation's historical tradition in limiting firearm rights for those who commit crimes.  [DE 24 at 63-72].

An extended discussion is unnecessary for the resolution of this motion, as the Court analyzed and ruled upon an identical motion in another criminal case.  *United States v. Parker,* 3:22-CR-82 (W.D. Ky. May 25, 2023) (order denying motion to dismiss § 922(g)(1) charge under post-*Bruen* analysis).  It appears that Hickman submitted the same motion, which is verbatim except for changes to the moving party's identity.  As in *Parker*, the Court finds § 922(g)(1) Constitutional post-*Bruen*.  The Court again notes the overwhelming unanimous opinions of courts across the country.  For further analysis, the Court refers Hickman to its opinion in *Parker* and the sound analysis found in the opinions cited there.  *See United States v. Taylor*, No. 22-CR-20315, 2023 WL 3098653, at *8 (E.D. Mich. Apr. 26, 2023) (resolving a similar challenge to § 922(g)(1) under similar circumstances and finding that "[a]n extended discussion is not required to resolve Defendant's motion" when the Court previously ruled on an identical motion).

The Court thus finds the sole count of the indictment, felon in possession of a firearm under 18 U.S.C. § 922(g)(1), constitutional under the Second Amendment, and therefore **DENIES** Hickman's Motion to Dismiss.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Hickman's Motion to Dismiss [DE 23] is **DENIED**.

Cc:     Counsel of Record