UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Respondent/Plaintiff

v. Criminal Action No. 3:22-cr-125-RGJ

JAMES HICKMAN III Movant/Defendant

* * * * *

**MEMORANDUM OPINION**

Movant/Defendant James Hickman III filed a *pro se* motion and amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 51, DE 52]. The motion and amended motion are before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the motion appeared to be barred by the applicable statute of limitations, the Court directed Hickman to show cause why his motion should not be denied. [DE 53]. Hickman did not file a response to the Order, and the time to do so has passed.

**I.**

On October 19, 2023, Hickman pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) to one count of possession of a firearm by a prohibited person [DE 30]. On May 14, 2024, the Court sentenced Hickman to 57 months. [DE 45]. Hickman did not file a direct appeal. Hickman signed the original § 2255 motion on May 14, 2026. [DE 51].

**II.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such an appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on May 14, 2024; thus, the judgment became final on May 28, 2024, upon the expiration of the 14-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). The one-year statute of limitations, therefore, expired on May 28, 2025.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011)). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Hickman has not set forth any reason why he should be entitled to equitable tolling. Thus, Hickman's motion is time-barred under § 2255(f) and will be dismissed.

**III.**

An individual who unsuccessfully moves to vacate, set aside, or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court is satisfied that no jurists of reason would find debatable whether it is correct in its procedural ruling that the § 2255 motion is untimely. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: August 31, 2026

Rebecca Grady Jennings, District Judge
United States District Court

cc: Movant/Defendant, *pro se*
U.S. Attorney
A961.014